## AFFIDAVIT

I, G. RYAN ARNOLD, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the Bureau of Immigration and Customs Enforcement ("ICE"). I have been employed as a Special Agent with ICE and its predecessor agency, the Immigration and Naturalization Service ("INS"), since 2002. Prior to that, I served as a Border Patrol Agent in Zapata, Texas from 1998 to 2002. Since joining federal law enforcement, I have been involved in multiple drug-related investigations involving the illegal smuggling of cocaine, heroin, and other controlled substances. I have also received training at the Federal Law Enforcement Training Center in all aspects of drug smuggling. Additionally I have been trained in establishing United States citizenship, as well as determining alienage and deportability for non-U.S. citizens. At the U.S. Border Patrol Academy, I received Spanish language training as part of the curriculum. Following graduation from the Border Patrol Academy, I attended approximately four months of post-academy training in law and Spanish. I have used my Spanish language skills on an almost daily basis as part of my employment as a U.S. Border Patrol Agent and INS and ICE Special Agent.

1



2. I submit this affidavit in support of a criminal complaint against JOHN DOE, an unidentified male purporting to be one Carlos Manuel Ramos, for violation of 18 U.S.C. § 1028A (aggravated identity theft).

3. The purpose of this affidavit is not to establish all of the facts in this case, but only those facts necessary to establish probable cause that DOE committed aggravated identity theft.

4. DOE was arrested by the Massachusetts State Police in Lawrence, Massachusetts on February 23, 2007 and charged with trafficking cocaine. At the time of his arrest and booking, DOE identified himself as Carlos Manuel Ramos, with a date of birth of October 4, 1971 and Social Security number of 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.

5. That same date, February 23, 2007, I was informed of DOE's arrest and I interviewed him at the Lawrence Police Department, where he had been brought for booking. Prior to the start of my interview with him, he had been informed of his rights pursuant to Miranda by the booking officers at the police department. At the outset of my interview, I asked him if he spoke English. He stated that he did not. Both verbally in Spanish and by presenting my credentials I identified myself as a Special Agent with ICE, and I re-advised him of his Miranda rights. He stated that he

understood those rights. I then reviewed the biographical information that he had already provided to the Lawrence Police. In response to my direct inquiries, he stated that his name was Carlos Manuel Ramos, that his date of birth was October 4, 1971, that his father's name is Carlos Miguel Ramos and his mother's name is Evangilina Maria Vazquez, and that he was born in Puerto Rico. When I asked DOE what town in Puerto Rico he was from, he responded that he did not know. When I asked whether he had grown up there, he averred that he had, but when I asked him the name of the high school he had attended, he just shrugged his shoulders. During the course of my interview of DOE, I detected that he spoke with a Dominican accent.

6. Over the course of the days following the interview, I conducted a series of records checks. I contacted the Social Security Administration ("SSA"), Office of Inspector General, and requested that they check the validity of the Social Security number presented by DOE to the arresting authorities and to me. I was advised by SSA personnel that the social security number that DOE used belonged to a real individual.

7. I contacted a Massachusetts State Police trooper who was involved in the initial arrest of DOE. The trooper advised me that at the time of his arrest DOE claimed to be

Carlos Manuel Ramos, and he had in his possession two forms of photo identification from the state of Pennsylvania in that name. I conducted a commercial data base search (Lexis/Nexis) using the name, date of birth and Social Security number that DOE had provided relating to the Ramos identity. I found no record of any such individual in the continental United States. I conducted further cross checks of the address listed on DOE's Pennsylvania identification documents and found no record of the subject. I did find, however, that a person with the same identifying information was currently living in San Juan, Puerto Rico.

8. I attended DOE's bail reduction hearing in Essex County Superior Court in Salem relating to his pending state court drug charges. Prior to the hearing, I spoke with DOE's counsel and informed him that I suspected that his client was falsely claiming to be a United States citizen and I advised him of the substance of my investigation to date. Counsel spoke briefly to DOE privately and then informed me that his client was continuing to claim that he was Carlos Ramos. During the course of the ensuing bail hearing, counsel stated that his client's family was in possession of a Puerto Rican birth certificate proving that his client was in fact Carlos Ramos.

9. Over the next several weeks, DOE's bail reduction hearing was continued multiple times. I was advised that at one court appearance on the matter, DOE's counsel presented a Puerto Rican birth certificate in the name of Carlos Ramos as that of his client. Following a request by the Commonwealth, the judge asked that counsel provide a copy to the Essex County Probation Office for verification. Counsel did so a week later.

10. On April 4, 2007, I was contacted by the Essex County Probation Office and was informed that an investigator working for the Department of Justice, Commonwealth of Puerto Rico, had located and interviewed the mother and father of the real Carlos Ramos. They were residing at Calle Francia #73 interior, Barriada Israel, San Juan, Puerto Rico. The investigator showed a photograph of DOE to the parents. They both averred that the person depicted is not their son. The parents went on to state that their son has had a longstanding substance abuse problem and that at their request he was arrested on April 2, 2007 and was currently undergoing treatment at a jail in Bayamon, Puerto Rico.

11. On April 5, 2007, a Salem Superior Court judge raised DOE's bail to one (1) million dollars and ordered that the Essex County Probation Office turn over to ICE the

Puerto Rican birth certificate in the name of Carlos Ramos. I took custody of the certificate and it remains in my custody at this time.

12. Based on the foregoing, there is probable cause to believe that JOHN DOE, a/k/a Carlos Manuel Ramos, in relation to a false and willful representation that he is a citizen of the United States, did knowingly possess and use without lawful authority a means of identification of another person, to wit the name, Social Security number, and birth certificate of one Carlos Manuel Ramos, in violation of 18 U.S.C. § 1028A.

_____
G. RYAN ARNOLD
Special Agent
Immigration and Customs Enforcement

Subscribed and sworn to before me on this 13th day of April, 2007.

_____
MARIANNE B. BOWLER
United States Magistrate Judge